## ABERDEEN & ROCKFISH RAILROAD COMPANY et al., Petitioners,

v.

## The UNITED STATES of America and the Interstate Commerce Commission, Respondents.

### No. 77–1054.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1978.

Paul M. Haygood, New Orleans, La., for petitioners and intervenor, Chessie System Lines.

Howard J. Trienens, R. Eden Martin, Richard L. Miller, Lawrence A. Miller, George L. Saunders, Jr., Chicago, Ill., for petitioners.

Carl E. Sanders, John L. Taylor, Jr., Atlanta, Ga., for Searuc and Southern Governors' Conference.

H. N. Babcock, Cleveland, Ohio, for Chessie System Lines.

Peter A. Fitzpatrick, Asst. Gen. Counsel, Mark L. Evans, Gen. Counsel, Kenneth G. Caplan, Atty., I.C.C., Washington, D. C., for respondents.

Moise W. Dennery, J. William Vaudry, Jr., New Orleans, La., Walter J. Myskowski, Washington, D. C., Richard H. Stokes, George M. Onken, Jamaica, N. Y., for Long Island R. Co.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GOLDBERG and HILL, Circuit Judges, and WYZANSKI *, Senior District Judge.

PER CURIAM.

The Supreme Court granted certiorari to review our earlier decision in this case, *Aberdeen & Rockfish Railroad Co. v. United States*, 565 F.2d 327 (5th Cir. 1977). The Court's grant of certiorari was limited to one question:

> Did the Court of Appeals thwart the purpose of the Railroad Retirement Amendments and frustrate the final judgment of a three-judge court when it deprived the LIRR of the immediate use of its interim terminal surcharge?

*Long Island R. R. v. Aberdeen & Rockfish R. R.*, —— U.S. ——, —— n.1, 99 S.Ct. 46, 46 n.1, 58 L.Ed.2d 1 (1978).

On this point the Supreme Court reversed our judgment. It held:

> The judgment of the Court of Appeals is reversed insofar as it requires petitioner [Long Island Rail Road] to keep the proceeds collected from its interim terminal surcharge in a separate trust, and the case is remanded for proceedings consistent with this opinion.

*Id.* at 49. Accordingly, we modify our previous opinion. The last paragraph of our

---

Bill, Public Law 95–486, 92 Stat. 1629 (95th Congress) was approved October 20, 1978. In view of this, they did not participate in this decision.

Judges Rubin and Vance were not members of the Court at the time of the submission of this case to the Court en banc and did not desire to participate therein.

* Senior District Judge of the District of Massachusetts, sitting by designation.

opinion,[1] 565 F.2d at 335, is deleted. We modify our order by deleting the last thirty-nine words, so that our order now reads:

The Interstate Commerce Commission order of November 23, 1976 is set aside. Case remanded to the Interstate Commerce Commission for further proceedings in conformity with this opinion. Pending determination of final rates by the Interstate Commerce Commission in this matter, the railroads which were subject to the order here set aside are re-quired to incorporate the 12.5 percent terminal surcharge, as an interim charge, into all tariffs naming the rates from and to points on the Long Island Rail Road Company.

So modified, we reaffirm our earlier opinion and holding. The case is remanded to the Interstate Commerce Commission for proceedings consistent with that opinion as modified.

REMANDED.

---

1. That paragraph read:

There remains the question as to how shippers should be charged during the period that this matter is still under consideration by the ICC, to which we must remand this case for further proceedings not inconsistent with our opinion. It seems to us equitable to restore the interim rates pending a determination of the final rates, but to direct that the Long Island keep in a separate trust fund, subject to ultimate determination by the ICC, all sums hereafter received as a consequence of the 12.5 percent interim terminal surcharge.